### S97Y2009. IN THE MATTER OF STANLEY THOMAS SNELLINGS.

(492 SE2d 234)

PER CURIAM.

This case is before the court on Respondent Stanley Thomas Snellings' petition for the voluntary surrender of his license to practice law. The State Bar has no objection to Snellings' petition, and both the special master and the review panel recommend the court accept it.[1] We have reviewed the record and accept Snellings' petition.

After the State Bar filed its Petition for Appointment of Special Master under Bar Rule 4-106, the court appointed a special master. The State Bar filed a formal complaint, which Snellings answered. After certain discovery disputes, Snellings filed his Petition for Voluntary Surrender of License, admitting to violations of Standard 61 (failure to notify a client promptly of the receipt of client funds or property and to deliver the funds or property promptly to the client); 63 (failure to maintain complete records of client); and 65 (commingling of client funds with those of the lawyer) of Bar Rule 4-102 (d).

Snellings admits that he received funds paid to the client by an insurance company in settlement of injuries the client sustained after being struck by a car. Snellings further admits that he failed to inform the client of his receipt of the funds; that he used the funds for his personal benefit; that he subsequently sent the client two checks from his business account, but that one of the checks was returned for insufficient funds; that he did not pay the client until over a month after that (from his own money); and that he failed to account to the client for the use of her funds.

We have reviewed the record and agree to accept Snellings' petition for voluntary surrender of his license to practice in this state,

---

[1] The review panel also recommends that Snellings comply with two conditions prior to reinstatement: (1) reimburse the Client Security Fund of the State Bar (or any successor of that entity) for any award made by the Fund on *any* claim filed against him; (2) certify that he has accounted for and made full restitution, with interest, on any claim filed with the State Bar against him that alleges any impropriety in his handling of any funds or property of *any* client or fiduciary. We will not impose these conditions because, insofar as they pertain to *any* claim or *any* client, and Snellings has not voluntarily accepted them, they do not necessarily pertain to Snellings' conduct in this case. Besides, the Rules already provide that Snellings may not be considered for reinstatement until he meets the reinstatement provisions of Chapter 3 of Part IV of the Bar Rules, including Rule 4-306.

which is tantamount to disbarment. Snellings is reminded of his duties under Bar Rule 4-219 (c) to notify timely all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of this Rule.

*Petition for voluntary surrender of license accepted. All the Justices concur.*

DECIDED NOVEMBER 3, 1997.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.